POWELL-HACKNEY GROCERY COMPANY, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 22504. Promulgated March 17, 1952.

*George E. H. Goodner, Esq.,* and *Scott P. Crampton, Esq.,* for the petitioner.

*Lester M. Ponder, Esq.,* for the respondent.

OPINION.

HILL, *Judge:* The sole issue is whether petitioner is entitled to any relief under section 721 of the Internal Revenue Code.

In *Producers Crop Improvement Association,* 7 T. C. 562, we outlined the three steps necessary to establish the right to relief under section 721 of the Code: (1) a showing of the amount of abnormal income in the taxable year; (2) the abnormal net income derived therefrom; and (3) the portion of abnormal net income attributable to other taxable years.

The respondent contends that petitioner has failed to establish any of the three aforementioned steps. What petitioner considers the class of its income constituting abnormal income is, we think, somewhat obscure. Petitioner, on brief, states that its claim for relief is based on the development of the Lawrenceburg house, acquired April 15, 1940. Since petitioner relies upon the case of *Morrisdale Coal Mining Co.,* 13 T. C. 448, it would seem that it is seeking to establish as its class of abnormal income, income resulting from the "development of tangible property," under section 721 (a) (2) (C) of the Code. We are in doubt whether the acquisition and operation of a going wholesale mercantile house would come within the intendment of the phrase "development of tangible property" as used in that section. However, we think, in the light of the record, it is unnecessary to decide that question.

Assuming that petitioner has shown a class of abnormal income and its abnormal net income derived therefrom, under section 721, we are convinced that petitioner has not established what part, if any, of such abnormal net income is attributable to other years, as required by section 721 (b) of the Code. *Primas Groves, Inc.*, 15 T. C. 396, and authorities therein cited.

In its petition filed in this proceeding petitioner claimed a total abnormal net income for 1943 of $36,296.78, obviously based on the theory that all of its income from its three wholesale houses was a separate class of income. Of such amount petitioner claimed that $7,259.36 was attributable to 1940 and $29,037.42 to 1941. Since the net profits of the Lawrenceburg house in 1943 were only $23,634.25, the amount which petitioner claimed to be attributable to other years is in excess of the profits derived from the Lawrenceburg house.

On brief, petitioner, apparently changing its position, requests a finding that its abnormal net income for the year ended June 30, 1943, is the amount of $19,474.48, which it contends should be attributable to the period April 15, 1940, to June 30, 1942.

Except for its income and excess profits tax returns offered in evidence, petitioner introduced no schedules or other evidence which could be used as a basis for attributing any of its assumed abnormal net income to prior years. Petitioner has not even requested a finding of fact as to which other years and in what proportion its assumed abnormal net income for 1943 should be attributed.

Furthermore, petitioner has made no attempt to show what portion of its assumed abnormal net income from the Lawrenceburg house resulted from activities in prior years and what portion resulted from activities and circumstances in the taxable year ended June 30, 1943.

The respondent's regulations, which have been sustained as valid, provide that items of abnormal net income can not be attributed to another year if they are the result, *inter alia*, of increased demand, higher prices and improvement in business conditions. Regulations 112, section 35.721-3; *Soabar Co.*, 7 T. C. 89, 96; *Primas Groves, Inc., supra*.

The taxable year here in question was entirely within the war years, when there was an increased demand for consumer goods due to the war economy. Petitioner has not offered any proof with respect to the effect of the improvement in business conditions on its income in the taxable year.

Petitioner's gross sales and net profits from all three of its wholesale houses during the fiscal years ended June 30, 1940, to June 30, 1943, inclusive, as set forth in our findings of fact, disclose that petitioner's sales and net profits from all three of the wholesale grocery houses were materially increasing. The gross sales and net profits from its two long-established houses located at Hazard and Jackson,

Kentucky, increased in greater ratio than the gross sales and net profits of its Lawrenceburg house. Thus, we think, this record clearly establishes that petitioner's increased income in 1943 was due largely to improved business conditions and the increased demand for the type of merchandise sold by petitioner. It was the general intent of Congress that income resulting from improvement in business conditions was to be subject to excess profits tax.

We hold that petitioner has failed to establish that it had any abnormal net income in the taxable year ended June 30, 1943, attributable to any other years, and, therefore, petitioner is not entitled to any relief under section 721 of the Code. Its claim for relief is denied.

Reviewed by the Special Division.

*Decision will be entered for the respondent.*